May it please the court, Nicholas Markey on behalf of Mr. Gonzalez-Villalobos. Your honors, as the court is aware, we are here on a 1326 re-entry case. The court had issued an additional briefing on whether Mr. Gonzalez-Villalobos was denied meaningful judicial review under 326b2 or d2. And it is our position that the actions of the immigration judge back in 1992 did deny him relief. And when the district court denied the motion to dismiss, the district court erred. Now, when Mr. Gonzalez was in front of the immigration judge back in 1992, he had filed a motion to suppress evidence. The basis of that claim was that immigration had apprehended him at an INS facility as he was checking the status of his SAW application. And under 210a of the INA, you cannot go into a SAW application for other reasons. It was his position at his removal hearing before the IJ, or deportation hearing, if I stand corrected, is that the officers, when he had inquired about his pending applications, did, in fact, go into the SAW application to locate the criminal conviction, which resulted in him being placed in proceedings. Now, the district court judge and the district court judge. So he made the motion in front of the IJ for an evidentiary hearing on that issue, correct? That's correct. He did. And the IJ denied it. That's correct. The IJ did. And the IJ goes on and decides the rest of the case, correct? No. The IJ denied the motion to suppress, denied any available relief, and ordered him removed. Well, was there any – was he claiming any other form of relief? At that time at the hearing, there was no discussion of the availability of other relief. There was a claim for – Let me ask you this. Was this a pre-hearing ruling, or was it the hearing on his removal? In removal – or in the deportation proceedings, this is a master calendar hearing. It never got set to an individual hearing, which would have been an evidentiary hearing. So at the time of the hearing – So this is all taking place in a mass hearing when he says, I want an evidentiary hearing? Yes. I don't know if it's a mass hearing. There are probably other individuals there. It's at a detained facility. But it's a master calendar hearing where counsel and the government decide what relief is available, how the case will proceed. So this was his second master hearing, or second or third. The first two hearings were getting counsel and questions like that. It was reset. At this final hearing, his master calendar hearing, the IJ denied the motion to suppress, saying, I'm not giving you an evidentiary hearing, and I'm saying you're removable. Was there a – And then he appealed that. Yes, he did. And the BIA affirmed it. The BIA affirmed it. The BIA affirmed it in saying that the motion to suppress wasn't appropriate, an evidentiary hearing wasn't appropriate. And this is the thing where the BIA is incorrect, because they said evidence of identity is not suppressible. But the BIA didn't review the transcript because the whole issue at that master calendar hearing was the introduction of the – not the plea, but the conviction records. Not that counsel was suppressing the identity. What counsel was doing at that April 1992 hearing was arguing that the way that INS got the information was in violation of law, and they were requesting a hearing on that so they could address it. Was there an appeal taken to the Ninth Circuit Counsel? No, there was not, Your Honor. Well, that was his opportunity for judicial review, wasn't it? That would have been, Your Honor, but he also gets judicial review under 1326 in this matter, a de novo review. So the fact – and I would note – How was he denied for purposes of 1326d-2? How was he denied the opportunity for judicial review? When the IJ denied his request for an evidentiary hearing, he was denied an avenue of judicial review. How could that be? He appealed to the – Go ahead, Judge. He had the BIA appeal. The case you rely on, Salgado-Diaz, came to us, in fact, through a judicial review process. That's correct, Your Honor. Right? So why couldn't he have appealed to the Ninth Circuit and made all these arguments, which I have to say some of which are fact-based, at the time, back in 1992, and proceeded to get judicial review from the Ninth Circuit at this point instead of waiting now to collaterally attack it in the face of 1326d-2? Well, I think as for the judicial review under the petition for review, I do not know why he did not file a petition for review. The BIA issued its decision in 1998. He would have had 30 days to file for a petition for review. Mr. Gonzalez did not. I don't know if he didn't have informed of those rights. I don't know. But he can collaterally attack the removal or deportation order in the 1326 proceedings, and that's what he's doing by saying that he didn't get meaningful review when the IJ denied the request for an evidentiary hearing. But, you know, there's three factors you have to establish. Exhaustive administrative remedies. That's correct. Deprivation of right to judicial review. And what's the general one? Unfairness. Fundamental unfairness. Fundamental unfairness. Right? That's correct. So you need to show up. Usually these cases arise, you know, lots of times what happens is they go in before the IJ, and the IJ doesn't properly inform them of either the right to appeal to the BIA or other forms of relief or that they have the right to apply for relief. And they, you know, they waive everything. And we say by doing that, that's not a knowing intelligent waiver of their right to pursue judicial review. And that doesn't seem to be what happened here. No, it did not. He did follow review through the administrative agencies, and then when he got to the Ninth Circuit level, he did not file for review. But what is it about what did the IJ do, though, to prevent him from or misinform him? What did the IJ do? The IJ denied his request for an evidentiary hearing. But that can't always be the basis because then the requirements under 13, the provision for collateral attack would always be met in every case. Well, I guess to narrowly define it, I suppose, is he did not grant an evidentiary review on the claim of the suppression of the evidence that the government was submitting. And what we're saying is he was denied judicial review in that. The IJ didn't address any of that. They just said, you're not getting your evidentiary hearing. I'm not suppressing these documents, the conviction records. And what the IJ relied upon is what the trial attorney had stated. Well, they could have found a judge because in 1986, he was placed into deportation proceedings prior to the 1988 application. And what the district court did was rely on that. But what we're saying is that's not the issue. The OSC that was issued in 1986, and it's in the supplemental excerpt, was terminated before these proceedings were filed in 1988. So the issue of that information doesn't come up because this is now a new OSC that was issued in order to show cause. Mr. Markey, earlier you said. Well, go ahead, Judge Fischer. Mr. Counsel, do I understand your argument to be that when D2 says the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review, that that means that notwithstanding he could have gotten appellate judicial review through the Ninth Circuit, the deportation proceedings at the IJ level denied him the evidentiary hearing he wanted, and the BIA affirmed that. So you don't look at the fact that he could have challenged that on appeal and got the Ninth Circuit to agree with your current position of having been on remand gotten the judicial review he was seeking. That's correct, Your Honor. I'm saying that under 1326 you still have to comply with judicial review, even if you didn't through the civil proceedings of removal file the Ninth Circuit in this case. Again, the record from the IJ is fairly sketchy. It's a very limited record. The district court had a copy of the transcript. Mr. Markey, your time is up. I know you wanted to keep a minute for rebuttal. Thank you. The time was up, but we will add a minute to your time so you can make a rebuttal argument. Thank you, Your Honor. Okay, Mr. Ekstrom. Please, the Court. Alexander Ekstrom on behalf of the Appellee United States of America. Your Honor, initially I would point out that the only evidence in the record regarding any interplay between the A file that was originally assigned to the defendant after the contact with ICE in March of 1986 and the A file that was set up for the SAW is at supplemental excerpt of record 14 in the successor I-213 where the Yakima office, the office which originally participated in the search warrant that found the drugs  and that issued the successor I-213 in November of 1991 where they note that the defendants saw proceedings began in El Paso with the abbreviation ELP and noted that El Paso had not made a request for the defendant's initial A file. So to the extent that there was any record anywhere, it was that El Paso did not request the defendant's initial A file. There's no evidence in the record and the BIA and the IJ were correct, as was the district court, in pointing out that the defendant provided no testimony nor any evidence in support of the bare assertion that there had been access to the SAW. But he was asking, that was the reason why he was asking for a hearing. Yes, but. He didn't get it. He did not get a hearing. And he did not get a hearing. But do you agree with what counsel just said for the defendant on how to read 1326D? No. By not seeking review of the Ninth Circuit, he doesn't qualify under sub 2. But accepting for the purposes of argument, counsel's argument, one looks to Barsenis cited in our brief at 19, Immigration and Naturalization Decision 609 at 611, indicating that if the defendant wished to raise a question regarding the legality of the evidence, he must first come forward with proof establishing a prima facie case, which clearly did not happen. I would indicate that there's some discussion about the nature of the hearing and Your Honor's question regarding whether it was a mass hearing or not. This was nothing in the same species as the Ramos case, which we discussed on Monday, but rather a set hearing with a transcript where he was represented by counsel. And the reason it's not in the record is that there's presumably the defendant did not attach it, is that there's simply no testimony nor any evidence to make out that prima facie case. So the IJ acted appropriately. Counsel? Yes, Your Honor. Counsel, if you, as Judge Paya has asked you, you agree or disagree with counsel and take the position that D-2 has not been complied with, then why did we have to raise the issue? The government didn't make that argument in its answering brief. A good question, Your Honor. We did miss it. But your reply was... Well, I mean, you're the government. Presumably you wouldn't know what the statute means, and the first thing you do is find out whether there's a statutory authority for this proceeding. I find it troubling that the U.S. Attorney's Office missed what you're suggesting to us is the dispositive, now that we've raised it, the dispositive answer. I understand the Court's concern, and I apologize for the error. And the government believes that regardless of how the case is considered, the defendant cannot prevail because he simply failed to meet his burden at the initial IJ hearing. Well, counsel, that may be true, but, you know, the government's supposed to litigate the case and say, well, you know, there may be other reasons, too, because we have to go through the record and we have to go through the research, and so it's your burden to come up with the best arguments on your own. And this is such a fundamental one. Yes, there may be other reasons. I don't know whether that's true or not. But I hope that this is taken back to the office and said, you know, let's be careful and check the statutory basis for these things before we go running off to the record and finding the backup grounds. I understand the Court's comment. The reason why I asked you whether you agreed with defense counsel there was in your supplemental brief that you did file in response to our order, you said, in this case, the defendant, in fact, appealed the IJ order and his appeal was denied by the BIA, satisfying the requirements of 8 U.S.C. section 1326 D1. The issue remains whether the original decision of the IJ, which was adopted by the BIA, improperly denied the defendant the opportunity for judicial review. But then you go on and you basically argue the defendant's position. I couldn't quite figure out what your position really was. And, Your Honor, I'm admitting that we specifically, I, missed the issue. Well, no, but now. I mean, what is your position? I don't know. The government's argument. Has he satisfied D2 in the government's? Is it the government's position that he's satisfied D2 here? It is not. The defendant's argument is that due to an error in the IJ, in the original IJ hearing, that he was prevented from seeking review, that the IJ's behavior in denying the case created a prejudice that flowed throughout the remainder of the appeal process. And in this instance, the government is arguing that, assuming his argument that the IJ did nothing wrong, denied him nothing because of the case law on his, which deals with his burden to raise the, raising the issue of illegality. Did I answer the Court's question? Not really, but that's okay. Further questions from the bench? For the government? Not at this point. Thank you. I think we'll have to get our own answers. Okay, I have no questions. Thank you, Your Honor. And thank you very much, Mr. Eckstrom. No further rebuttal. Thank you. Okay, thank you. So we thank Mr. Markey and Mr. Eckstrom for their arguments, and the case of U.S. v. Gonzales v. Lobos shall be submitted.
judges: Fisher, Gould, Paez